UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO MARTINEZ, CDCR # BI-3959,<br><br>                            Plaintiff,<br><br>vs.<br><br>JOSHUA ROCHA, E. DE LA PARRA, A. TRUJILLO,<br><br>                          Defendants. | Case No.: 3:24-cv-1750-AJB-BLM<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 3];**<br><br>**(2) DISMISSING COMPLAINT FOR SEEKING MONEY DAMAGES FROM IMMUNE DEFENDANTS AND FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

Plaintiff Armando Martinez ("Plaintiff" or "Martinez"), currently a state inmate proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). *See* ECF Nos. 1, 3. In his Complaint, Martinez alleges his Eighth Amendment rights were violated when Defendants used excessive force against him. *See generally*, ECF No. 1. As discussed below, the Court grants Plaintiff's IFP motion and dismisses the Complaint without prejudice.

### I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$405.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Martinez has provided a copy of his prison certificate and trust account statement. ECF No. 2. During the six months prior to filing suit, Martinez had an average monthly balance of $0.29 and average monthly deposits of $0.00; and at the time he filed suit he had an available account balance of $0.29. *Id*. at 5. Accordingly, the Court **GRANTS** Plaintiff's IFP motion. Because Plaintiff had no funds on account at the time of filing, the Court assesses no initial payment. Instead, Martinez must pay the full $350 filing fee in installments as set forth in 28 U.S.C. § 1915(b)(2).

**III.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)**

**A.    Legal Standards**

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a

---

[1] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.    Plaintiff's Allegations**

Martinez alleges that on October 18, 2023, he was leaving his housing unit at Calipatria State Prison to eat breakfast. ECF No. 1 at 3. As he was entering the dining hall, Martinez saw another inmate, Ochoa. Plaintiff went to greet Ochoa, who was a former cellmate of Martinez's, with a "hug and a handshake." *Id*. But to Martinez's "surprise," Ochoa "physically assaulted Martinez by hitting [him] in the jaw area." *Id*. Martinez attempted to defend himself but, at some point, fell to the ground. Martinez then stood back up and continued defending himself. *Id*.

Defendants De La Parra and Trujillo (both correctional officers) were armed with "batons and pepper spray" but when they saw the altercation between Ochoa and Martinez, they "did nothing" to intervene or stop "Plaintiff from being attacked." *Id*. at 3–4. Instead,

De La Parra radioed "Central Control" to notify officers there was a fight inside the facility. De La Parra and Trujillo later "admitted" in a report that they "kept a safe distance from the incident." *Id.* at 4.

Shortly after De La Parra notified Central Control of the fight, Defendant Rocha fired a projectile at Martinez. *Id.* at 4–5. Instead of firing "in front of Plaintiff, to[ward] the ground to ricochet to its target, pursuant to California Department of Corrections and Rehabilitation ("CDCR") shooting policy," Rocha fired a projectile which hit Plaintiff in the face. *Id.* at 4. Martinez sustained injuries to his eye which required treatment at an outside medical facility. *Id.* at 4–5. Martinez alleges that CDCR policy "prohibits correctional officers from using a firearm to shoot incarcerated people in the head area when an incident occurs and force is permitted [] to quell any physical altercation between [inmates]." *Id.* at 5.

After the incident, Plaintiff was issued a rule violation report ("RVR") related to the fight, even though he was "only defending himself." *Id.* A disciplinary hearing was held and Plaintiff was found guilty of the RVR and, as a result, lost good-time credits and "various privileges." *Id.*

**C.   Discussion**

Martinez claims Defendants Rocha violated his Eighth Amendment rights be using excessive force against him. *Id.* at 2. He further alleges Defendants De La Parra and Trujillo violated his Eighth Amendment rights by failing to intervene to protect his safety. Plaintiff seeks money damages and an injunction preventing "Rocha from being assigned to [a] position to use a firearm with the CDCR." *Id.* at 7.

   **1.   *Official Capacity Claims***

Martinez sues Defendants in their official capacities only. *See* ECF No. 1 at 2. An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" and as such are treated as claims against the State. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Leer v. Murphy*, 844 F.2d 628, 631–32 (9th Cir. 1988) (finding claims against prison correctional officer, warden, and other officials in official capacity

to be claims against State). As such, the Eleventh Amendment bars a prisoner's § 1983 claims for money damages against state actors sued in their official capacities. *Michigan State Police Dep't v. Will*, 491 U.S. 58, 66 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) ("The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court."); *but see Hafer v. Melo*, 502 U.S. 21, 31 (1991) ("[S]tate officials, sued in their *individual capacities*, are 'persons' within the meaning of § 1983.") (emphasis added)). Thus, to the extent Martinez is suing Defendants in their official capacities and seeking monetary damages, the claims are barred by the Eleventh Amendment.

And to the extent Plaintiff seeks an injunction "preventing Rocha from being assigned to [a] position to use a firearm with the CDCR" (ECF No. 1 at 7), he also fails to state a claim. State officials sued in their official capacity for prospective *injunctive* relief are persons for purposes of § 1983. *See Will*, 491 U.S. at 71 n.10; *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (stating that "state officials are 'persons' under § 1983 when sued for prospective injunctive relief"). But to seek injunctive relief against an official-capacity defendant, a plaintiff must "identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (citing *Los Angeles County v. Humphries*, 562 U.S. 29, 35–36 (2010)). Martinez has failed to do so here. Furthermore, Plaintiff has failed to name the official(s) alleged to have a connection with the enforcement of an alleged law, policy, or custom and who can respond to his request for injunctive relief. Thus, Martinez's claims seeking injunctive relief must also be dismissed.

In sum, Plaintiff has failed to state a cognizable official capacity-claim against any named Defendant. Therefore, the Complaint is dismissed without prejudice for seeking damages from defendants who are immune and for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii) & 1915A(b)(1)–(2).

### 2. *Eighth Amendment*

Even if Plaintiff had named Defendants in their individual capacities, as currently pleaded, his Complaint would fail to state an Eighth Amendment claim against Defendants.

#### a. *Rocha*

First, Martinez has not alleged sufficient facts to state a plausible Eighth Amendment claim against Rocha. "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The "core judicial inquiry" in considering an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 7; *Wilkins v. Gaddy*, 559 U.S. 34, 40, (2010). To that end, federal courts look to factors such as (1) the extent of the injury, (2) the need to use the force, (3) relationship between the need and the amount of force used, (4) the threat "reasonably perceived" by the officials, and (5) "any efforts made to temper the severity" of the force. *Hudson*, 503 U.S. at 7 (citations omitted).

Where, as here, prison officials "act in response to a prison disturbance, their actions are necessarily taken 'in haste, under pressure,' and balanced against 'competing institutional concerns for safety of prison staff or other inmates.'" *Wilson v. Seiter*, 501 U.S. 294, 302 (1991) (quoting *Whitley*, 475 U.S. at 320). As such, for Martinez to state an excessive force claim against Rocha, he must plausibly allege Rocha's actions were not "a good faith effort to maintain or restore discipline," and that Rocha instead acted "maliciously and sadistically for the very purpose of causing harm." *See Simmons v. G. Arnett*, 47 F.4th 927, 932–33 (9th Cir. 2022) (quoting *Whitley*, 475 U.S. at 320–21). As currently pleaded, he has failed to allege sufficient facts to do so.

#### b. *De La Parra and Trujillo*

Martinez has also failed to allege sufficient facts to state a plausible claim against De La Parr and Trujillo for not personally intervening when the fight broke out. The Eighth Amendment requires prison officials to reasonable measures ensure the safety of prisoners.

*Farmer v. Brennan*, 511 U.S. 825, 833 (1994). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. *See id.* at 847; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," a plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis, and citations omitted).

      As currently pleaded, Martinez fails to provide sufficient facts to plausibly allege that De La Parr and Trujillo acted with a sufficiently culpable states of mind when failing to physically intervene to break up the fight between Ochoa and Martinez. As Plaintiff acknowledges, De La Parra and Trujillo did not "fail" to act. Rather, they radioed "Central Control" to notify officers there was a fight inside the facility and request assistance. ECF No. 1 at 4. And while Plaintiff alleges De La Parra and Trujillo later "admitted" in a report that they "kept a safe distance from the incident" this alone is insufficient to plausibly allege deliberate indifference. Indeed, it tends to suggest De La Parra and Trujillo elected to obtain additional back up to protect their officer safety rather than out of deliberate indifference to Martinez's safety. *See Sanchez v. Andruss*, 2013 WL 3152395, at *4 (N.D. Cal. 2013) (internal quotations omitted) ("Correctional officers who are present during a violent altercation between prisoners are not deliberately indifferent if they intervene with a due regard for their safety."); *George v. Uribe*, 2012 WL 993254, at *8–9 (S.D. Cal. 2012) (finding the plaintiff failed to state a failure to protect claim when one officer activated an alarm, one officer responded to the alarm, and both provided verbal commands to stop fighting); *Collins v. Kern*, 390 F. Supp. 2d 964, 974–75 (E.D. Cal. 2005) (finding defendants were not deliberately indifferent when the evidence showed they took prompt action to stop an inmate fight, secure the area, and ensure the plaintiff received medical care).

      In sum, even if he had sued them in their individual capacities, as currently pleaded,

Martinez has not stated a plausible Eighth Amendment claim against Defendants. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### D. Leave to Amend

Given Plaintiff's *pro se* status, the Court **GRANTS** him leave to amend his Complaint, as detailed below. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## IV. CONCLUSION AND ORDER

Accordingly, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 3).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). All payments must clearly identify the name and case number assigned to this action.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** this civil action in its entirety for seeking money damages from immune defendants and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii) and 1915A(b)(1)–(2).

5. **GRANTS** Plaintiff **sixty (60)** days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner*

*& Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  February 24, 2025

Hon. Anthony J. Battaglia
United States District Judge